UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CHRISTIAN LLOYD GOINS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:16-CV-554-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

This matter is before the Court on Petitioner Christian Lloyd Goins' motion to vacate, set aside, or correct sentence 28 U.S.C. § 2255, and the United States' motion to deny and dismiss same. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1] in this matter. The United States' motion to deny the petition and dismiss this action will be granted

## I. RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY

Christian Goins was convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 72 months' imprisonment [Doc. 25 in No. 3:14-

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

CR-95]. His United States Sentencing Guidelines ("Guideline(s)") range was based, in part, on a prior conviction that was classified as a "crime of violence" under Guideline § 4B1.2 [Doc. 19 in No. 3:14-CR-95].

In September of 2016, Goins filed a § 2255 motion contesting his sentence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the so-called residual clause of the Armed Career Criminal Act defining a "violent felony." *Johnson*, 135 S. Ct. at 2563 [Doc. 1]. Goins argues that *Johnson*'s reasoning invalidated his enhanced sentence for a "crime of violence" under the Guidelines, thus entitling him to a reduced sentence.

Thereafter, the United States filed a motion to defer ruling on the § 2255 motion pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which was poised to address whether the Guidelines were subject to a vagueness challenge, and if so, whether any rule so finding would be retroactively applied [Doc. 2]. On March 6, 2017, the Supreme Court decided *Beckles*, holding that the advisory sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles*, 137 S. Ct. at 895. Based on *Beckles*, the United States filed a motion to deny Goins' § 2255 motion and dismiss this action with prejudice [Doc. 3].

## II.    LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does

not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

*Beckles* categorically forecloses Goins' claim that the Guidelines provision considered in his sentencing is unconstitutionally vague. *See Beckles*, 137 S. Ct. at 895. Accordingly, Goins has failed to state a claim upon which relief may be granted under 28 U.S.C. § 2255.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Goins must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

Moreover, The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be frivolous. Fed. R. App. 24. Therefore, Petitioner will be **DENIED** leave to proceed *in forma pauperis* on appeal, should he file for one. Fed. R. App. P. 24.

**V.   CONCLUSION**

Goins has failed to establish any basis upon which § 2255 relief could be granted. Therefore, the United States' motion to deny Goins' § 2255 motion and dismiss this action [Doc. 3] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. A COA from the denial of this § 2255 motion will be **DENIED**. The United States' motion to defer ruling [Doc. 2] will be **DENIED AS MOOT**.

**An appropriate Order will enter.**

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE